[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Patricia Falk Feeley, who is appearing pro se, has filed two motions directed against the defendants, Thomas Sargent and Hale Sargent, who practice law together in Westport. The first motion is #128, which seeks to strike the amended answer and special defense filed by the defendants. The second is motion #132 in which the plaintiff asks that judgment be entered in her favor because of alleged improprieties by the defendants in their responses to discovery. Both motions appeared on the short calendar of November 19, 2001.
The plaintiff's amended complaint, which is dated January 28, 2000, contains two counts and alleges professional negligence and breach of fiduciary duty on the part of the two defendants in connection with their legal representation of the plaintiff, and with Attorney Hale Sargent's activities as her conservator. The defendants filed an amended answer and special defense dated August 15, 2001. The defendants denied that they were negligent or breached any fiduciary duties owed to the plaintiff. In their special defense, the defendants allege that the plaintiff's claims are barred by the "doctrine of res judicata and/or collateral estoppel" because the Norwalk Probate Court approved the final account of the conservator and the plaintiff did not appeal this approval.
The motion to strike the answer and special defense asserts that the answer is not detailed enough and that the special defense is "inapplicable." Practice Book § 10-39(a)(5) permits the filing of a motion to strike whenever a party wishes to contest the "legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense therein."
The plaintiff's motion to strike the answer is denied. If a party wishes to make appropriate corrections" in another party's pleading or seeks a "more complete or particular statement" or to delete "unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations" in an answer, the proper motion is a request to revise as authorized by Practice Book § 10-35. The answer filed by the defendants comports with Practice Book § 10-46 as it specially denies "such allegations of the complaint as the defendant . . . intends to controvert." The answer is not "evasive" as proscribed by Practice Book § 10-47 as the denials "fairly meet the substance of the allegations denied." Furthermore, the denials are "direct, precise CT Page 1852 and specific, and [are] not argumentative, hypothetical or in the alternative." Practice Book § 10-48.
In terms of striking the special defense of res judicata or collateral estoppel, Practice Book § 10-50 specifically includes res judicata as an example of what must be specially pleaded. In ruling on a motion to strike, the trial court examines the [special defense] "construed in favor of the [defendants], to determine whether the [pleading party has] stated a legally sufficient [special defense]." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). When deciding the motion, "the court is limited to the facts alleged in the [special defense]." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245,259, 765 A.2d 505 (2001).
Based on these provisions of the Practice Book and the cases involving motions to strike, the plaintiff's motion to strike the special defense is denied.
In motion #132, the plaintiff seeks judgment "on default," in addition to "citation of the defense for contempt, for failure to produce information ordered for discovery, imposition of sanctions on the defense for obstruction, materially misleading testimony, and evidence-tampering, and referral of the above matters to the Statewide Grievance Committee and/or the States Attorney."
The plaintiff has been seeking billing and payment records relating to a client of the defendants named Drew Friedman. The plaintiff described in her complaint how the defendants admittedly loaned her money to Friedman, but retained a portion of it to pay a balance due from Friedman to the defendants' law firm. The plaintiff "believes it is possible" that the billing and payment records of the defendants relating to Friedman have been concealed or partially destroyed and that a defendant made false statements about the records while testifying in a deposition.
In opposing the plaintiff's motion for default, contempt, etc., the defendants assert that Hale Sargent testified at his deposition that he could not produce all of the billing records because of a "problem with the computer." The defendants also contend that they have produced some bills and receipts and continue to search for others and that they have produced everything that they have been able to locate.
The propriety of the defendants' conduct in responding to discovery of CT Page 1853 the Friedman bills is obviously in dispute and cannot be adjudicated in the context of the plaintiff's motion. The matter of the Friedman loan will be fully explored at trial and the trial judge, after all the facts are elicited, will take whatever action is required to safeguard the discovery process from any alleged improprieties.
Thus, the plaintiff's motion for judgment, contempt, etc., is denied but obviously without prejudice to pursue this topic at trial.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of February, 2002
William B. Lewis, Judge T.R.